## JAMES WRIGHT·

### *vs.*

### COLUMBIA HUNTRESS and J. F. HOLMAN, trustee.

### Somerset. Opinion March 17, 1885.

*Trustee process. Insolvent law.*

An assignment by the judge of the court of insolvency, of the insolvent-debtor's property to the assignee, dissolves all attachments made within four months prior to the commencement of insolvent proceedings, even. though the property would not come to the assignee in insolvency, and the proceedings were instigated by an adverse claimant for the express purpose of dissolving the attachment.

ON REPORT as to the liability of trustee.

The opinion states the material facts.

*James Wright,* for the plaintiff.

*S. S. Brown,* for the trustee.

EMERY, J. The attachment by this trustee process was made August 13, 1881. The defendant filed his petition to be ad-

judged an insolvent, October 4, 1881. He was adjudged an insolvent. An assignee was appointed, and a deed of assignment to him in due form according to § 68 of the insolvent law, now R. S., c. 70, § 33, was made by the judge, November 1, 1881. By the express provision of that section, such an assignment dissolved any attachment made within four months before the commencement of the proceedings, and of course dissolved an attachment made August 13, 1881. Attachment by trustee process is dissolved as well as any other. *Wilmarth v. Richmond*, 11 Cush. 463. The fact that the property attached would not, upon dissolution of the attachment, pass to the assignee, but to some adverse claimant, will not save the attachment. *Grant v. Lyman*, 4 Met. 470.

The plaintiff urges that the insolvency proceedings were instigated by the trustee, and were begun for the express purpose of depriving him of his attachment, and so are void as to him, on the ground of fraud. Whatever the motive, the proceedings will have the same effect. Insolvency proceedings are usually begun for the express purpose of dissolving attachments. Indeed, that was the purpose of the insolvent law, to break up attachments and other liens, and secure equal distribution.

*Trustee discharged.*

PETERS, C. J., WALTON, DANFORTH, LIBBEY and FOSTER, JJ., concurred.